UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON OLSON,<br>Plaintiff,<br>v.<br>BRINKER INTERNATIONAL, INC.,<br>Defendant. | Case No. 26-cv-07308-RFL<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT-MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

Federal courts have an independent obligation to address a potential lack of subject-matter jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (2004). Devon Olson's operative complaint does not appear to plausibly allege Article III standing to assert claims in federal court. Certainly, plausible allegations that tracking pixels are used to create detailed user profiles can support Article III standing in some circumstances. *Gilligan v. Experian Data Corp.*, No. 25-CV-02873-RFL, 2026 WL 32259, at *2 (N.D. Cal. Jan. 6, 2026). But, here, although Olson alleges that pixels were used to create user profiles, she does not appear to plausibly allege either that those profiles contain her sensitive information or why a comprehensive profile of her shopping habits is inherently sensitive. *See Smith v. Rack Room Shoes, Inc.*, No. 24-CV-06709-RFL, 2026 WL 2825524, at *5 (N.D. Cal. Sept. 21, 2026). Accordingly, she does not seem to have Article III standing to assert her claims.

As the party invoking federal jurisdiction, Brinker International, Inc. is **ORDERED TO SHOW CAUSE** in a written statement of no more than five pages by **October 16, 2026** why this case should not be remanded to state court for lack of subject-matter jurisdiction. Olson may file

a response to Brinker's statement, also of no more than five pages, by **October 23, 2026**.

**IT IS SO ORDERED.**

Dated: October 2, 2026

RITA F. LIN
United States District Judge